UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maria Warade<br>1502 Deborah Ave.<br>Point Pleasent, NJ 08742<br><br>    Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>150 N. Martingale Road, Suite 838<br>Schaumburg, IL 60173<br><br>    Defendant. | FILED STAMP: APRIL 24, 2008<br>CASE NO.: 08CV2342  J. N.<br>JUDGE: JUDGE COAR<br>MAG. JUDGE BROWN<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this action within the timeframe permitted under the FDCPA.

9. On or around November 28, 2007, Defendant telephoned Plaintiff in an effort to collect the debt and left a voice message.

10. In this message, Defendant failed to identify itself by name and failed to identify itself as a debt collector.

11. Plaintiff had never spoken to Defendant prior to this message.

12. In this message, Defendant spoke as if Plaintiff and Defendant had already communicated about the debt by claiming to be waiting for information from Plaintiff, referencing Plaintiff's husband, and claiming to need an update of Plaintiff's address.

13. In this message, Defendant threatened to serve "the turnpike people", apparently referring to Plaintiff's employer, the New Jersey Turnpike Authority.

14. On or around November 28, 2007, Plaintiff telephoned Defendant in response to the message referenced above.

15. During this communication, Defendant claimed to have tried to contact Plaintiff 123 times, with no response.

16. Later in this communication, Defendant changed its story and claimed to have tried to contact Plaintiff 83 times with no response.

17. During this communication, Defendant claimed to have validated Plaintiff's employment and threatened to have the Ocean County Sheriff's department serve Plaintiff at her place of employment.

18. During this communication, Defendant claimed be in the process of placing a lien on Plaintiff's property, but needed to check with Ocean County first.

19. During this communication, Plaintiff requested Defendant to serve Plaintiff papers at her residence to prevent embarrassment and Defendant responded that Plaintiff would be served at work.

20. At the time of the communications referenced above, Defendant had neither the intention nor the ability to sue Plaintiff to collect the debt.

21. At the time of the communications referenced above, Defendant had not obtained a judgment against Plaintiff.

22. On or around December 3, 2007, Plaintiff received a letter from Defendant making reference to an agreement Plaintiff made with Defendant regarding the debt.

23. Plaintiff never made any agreement with Defendant regarding the debt.

24. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that Defendant is a debt collector.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.


                              RESPECTFULLY SUBMITTED,

                              Macey & Aleman, P.C.

                              By: /s/ Jeffrey S. Hyslip
                                  Jeffrey S. Hyslip
                                  Attorney for Plaintiff
                                  20 W. Kinzie Street, Suite 1300
                                  Chicago, IL 60610
                                  Telephone:  866-339-1156
                                  Email:  jsh@legalhelpers.com